FILED

2012 Aug-01  PM 03:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CONNIE J. MCDANIEL, | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | 3:11-CV-1865-LSC |
| | ] | |
| MICHAEL J. ASTRUE, | ] | |
| Commissioner of Social Security, | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I.    Introduction

The plaintiff, Connie J. McDaniel ("McDaniel"), appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Supplemental Security Disability Insurance and Supplemental Security Income benefits. McDaniel timely pursued and exhausted her administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

McDaniel was thirty-seven at the time of the Administrative Law Judge's ("ALJ") decision, and she has at least a fifth grade education. (Tr. at 12, 16.) Her past work experience includes employment as a furniture stainer/molder. (Tr. at 15.)

McDaniel claims that she became disabled on January 3, 2007. (Tr. at 8.) While the Court does not have the benefit of a brief detailing the sources of her disability, her alleged ailments appear to include pulmonary sarcoidosis, hypertension, and obesity (Tr. at 10, 62.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. § 404.150, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4). If she is, the plaintiff is not disabled and the evaluation stops. *Id.* If she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404,

subpt. P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, she will be found disabled without further consideration. *Id.* If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. § 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do her past relevant work, then she is not disabled and the evaluation stops. *Id.* If she cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as her age, education, and past work experience in order to determine if she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the she can do other work, then she is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that McDaniel met the insured status requirements of the Social Security Act on January 3, 2007, and continued to meet them through March 31, 2008, but not thereafter. (Tr. at 10.) He further determined that McDaniel has not engaged in substantial gainful activity since

the alleged onset of her disability. (*Id.*) According to the ALJ, McDaniel has the following "severe" impairments: pulmonary sarcoidosis, hypertension, and obesity. (*Id.*) However, he found that these impairments neither meet nor medically equal any of the impairments listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1. (Tr. at 11.) The ALJ determined that McDaniel has the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c), 416.967(c). (*Id.*)

The ALJ explained that McDaniel would not be able to perform her past relevant work. (Tr. at 15.) However, the ALJ found that the framework of the Medical-Vocational Rules directed a finding that she was not disabled. (Tr. at 16-17.) After considering McDaniel's age, education, work experience, and RFC, the ALJ determined that she could perform several jobs that exist in significant numbers in the national economy. (*Id.*) These jobs include machine packager, hand packager, production machine tender, assembler of small parts, packing line worker, nut and bolt assembler, finisher, final assembler, and dial marker. (*Id.*) There are approximately 3,000, 2,400, and 900 positions in the regional economy, and 400,000, 280,000 and 70,000 positions in the national economy, respectively. (*Id.*) The ALJ concluded his findings by stating that McDaniel "has not been under a disability, as defined in the

Social Security Act, from January 3, 2007[,] through the date of this decision." (Tr. at 17.)

II.     Standard of Review

The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Herston v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against

the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "[d]espite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion

McDaniel filed the instant action on June 2, 2011, seeking judicial review of the ALJ's decision. (Doc. 1.) However, the Court does not have the benefit of any brief, argument, list of authorities, or statement in support of her appeal. Nor does the complaint itself point to any alleged errors of the ALJ. (*Id.*) Deadlines for submissions have now passed, and the issues in this case are ripe for decision. McDaniel, through her attorney, has still not presented anything beyond the complaint for this Court's consideration.

Regardless, the Court has found on its own the arguments which were made by McDaniel's attorney in a letter and exhibits sent to the Appeals Council (the "letter"), seeking review of the ALJ's decision. (Tr. at 62-67.) The Appeals Council

considered the letter, and "found that this information [did] not provide a basis for changing the Administrative Law Judge's decision." (Tr. at 1-2.) Despite the absence of any efforts on the part of McDaniel's attorney to bring them to this Court's attention, the Court has independently reviewed the arguments it contains.

The letter contains a total of six arguments for overturning the ALJ's decision. (Tr. at 62-67.) The first is based on new medical records that were proffered to the ALJ prior to his determination, but not considered or made a part of the record. (Tr. at 63.) The Eleventh Circuit has noted that in order to obtain a remand under 42 U.S.C. 405(g) for consideration of newly discovered evidence, the Plaintiff must show:

> (1) there is new, noncumulative evidence; (2) the evidence is material, that is relevant and probative so there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level.

*Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001) (quoting *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986)). After review of the proffered evidence, the Court finds that much of the medical evidence is old and cumulative. (Tr. at 415-42.) For example, several reports contained in the allegedly new evidence were considered by the ALJ. (Tr. at 371, 372, 413, 439-40, 442.) Moreover, the Eliza County Memorial Hospital laboratory reports contained in the allegedly new evidence are older than the

reports considered by the ALJ; in particular, the new tests offered by McDaniel were performed on May 9, 2008, but the ALJ considered identical tests performed on June 25 and July 25, 2008. (Tr. at 383-87, 430-32, 436-38.) The medical records are immaterial in that they fail to substantiate McDaniel's subjective complaints of fatigue and shortness of breath. (Tr. at 64, 415-42.) Additionally, despite the fact that the ALJ left the record open for nearly a month, McDaniel and her attorney failed to establish good cause why the proffered evidence was not submitted to the ALJ. (Tr. at 14.) As a result, this Court finds no error in the ALJ's decision.

The second argument is that "[w]hile the ALJ cited SSR 96-7p, he never actually explained how the standard was applied to the facts and circumstances of this case." (Tr. at 64-65). The letter further states that "the record, when considered as a whole, contains sufficient objective evidence to support Ms. McDaniel's subjective complaints," and the ALJ failed "to articulate reasons for discrediting pain testimony." (*Id.*) The ALJ did, however, provide several reasons for his findings regarding credibility. For example, he pointed to the emergency room records and the medical opinion of Dr. D.B. Laughlin, to overcome McDaniel's subjective complaints of shortness of breath. (Tr. at 193-262, 289-93.) The objective medical records showed "oxygen saturation was good at 97 percent" and "lung capacity, measured by forced

vital capacity and forced expiratory volume at one second, was 87 percent normal."
(Tr. at 13-14.) Despite Ms. McDaniel's complaints to the contrary, the ALJ also noted
that the lung capacity test "results are not inconsistent with the ability to perform
medium work-related activities." (Tr. at 14.) The very Social Security Ruling that Ms.
McDaniel's counsel alleges that the ALJ neglected, SSR 96-7p, specifically provides
that "[o]ne strong indication of the credibility of an individual's statements is their
consistency, both internally and with other information in the case record." SSR 96-
7p at 5. There was ample support for the limited credibility that the ALJ placed on the
subjective testimony regarding McDaniel's fatigue and shortness of breath.

McDaniel's third argument is that the ALJ failed to comply with SSR 96-8p
because the ALJ's RFC assessment "is simply conclusory and does not contain any
rationale or reference to the supporting evidence." (Tr. at 65.) In evaluating
McDaniel's RFC, the ALJ considered McDaniel's "activities of daily living"
questionnaires, drug and alcohol use questionnaire, treatment records from Dr. Felix
Morris, medical records provided by Dr. Ashley Burchfield, county health department
medical records, pulmonary function testing records provided by Dr. Bruce Laughlin,
records from the state agency decision-maker Dr. Robert Estock, and McDaniel's
medical records from the Eliza Coffee Memorial Hospital. (Tr. at 117-30, 164-62, 270-

71, 289-93, 298-11, 329-14.) For each item of objective medical evidence, the ALJ evaluated and described in detail the specific reasons for his basis that McDaniel could perform medium work as defined in 20 C.F.R. §§ 404.1567(c), 416.967(c). (Tr. at 11-15.)  After review of the ALJ's decision and the objective medical evidence contained in the record, the Court finds no error in the ALJ's decision.

Fourth is McDaniel's argument that "[g]iven the claimant's need to take frequent breaks, she cannot perform light work as found by the ALJ." (Tr. at 66.) The letter states that McDaniel "testified her shortness of breath and fatigue resulted in her need to take frequent breaks from performing tasks and would often result in her not being able to complete tasks." (*Id.*) The letter further contends that the ALJ failed to address McDaniel's need to take constant breaks. (*Id.*) The ALJ, in fact, did address it. The ALJ relied on the vocational expert's ("VE") testimony and agreed that McDaniel's ability to perform all or substantially all of the requirements of the medium level of work has been impeded by additional limitations. (Tr. at 16.) Considering McDaniel's age, education, work experience, and RFC, the VE testified that McDaniel would be able to perform the requirements of several representative occupations in the local and national economy. (Tr. at 16-17.)  The ALJ found that "[e]ven if the claimant were found to be limited to light or sedentary exertional

activities, Rules 202.17 and 202.24, respectively, used as a framework for decision[-]making, and the vocational expert's testimony, would result in a finding of 'not disabled.'" (Tr. at 17.) The ALJ also noted, "there is no objective clinical evidence of a condition which could reasonably be expected to produce the level of pain, fatigue, shortness of breath and other symptoms which the claimant alleges have precluded her from working." (Tr. at 12.) The ALJ concluded that McDaniel "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (*Id.*) The Court has not found—and McDaniel has failed to point out—anything in the record supporting the alleged shortness of breath and fatigue, except her own assertions to that effect. This fourth argument fails as well.

McDaniel's fifth argument is that the ALJ "failed to comply with SSR 96-8p in that he failed to include the required 'function-by-function' assessment." (Tr. at 66.) The RFC is an assessment which is based upon all the relevant evidence of McDaniel's remaining ability to do work despite her impairments. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545(a)). McDaniel's RFC, along with her age, education, and work experience, is considered in determining whether the claimant can work. *Id.* (citing 20 C.F.R. § 404.1520(f)). The

"determination of the residual functional capacity is within the authority of the ALJ and the assessment should be based upon all of the relevant evidence of a claimant's remaining ability to do work despite her impairments." *Beech v. Apfel*, 100 F. Supp. 2d 1323, 1330 (S.D. Ala. 2000) (citing 20 C.F.R. § 404.1546; *Lewis*, 125 F.3d at 1440). Contrary to McDaniel's contention, the ALJ considered the entire record in assessing McDaniel's RFC and resolved the inconsistencies in the evidence. (Tr. at 11-15.) Based upon the objective medical evidence cited above, the ALJ found that McDaniel had the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c), 416.967(c). (*Id.*) She can lift up to fifty pounds occasionally and twenty-five pounds frequently. (*Id.*) She has mild limitations in concentration, persistence, and pace, but she can occasionally climb ladders, ropes, or scaffolds, and frequently climb ramps and stairs. (*Id.*) She can also frequently balance, stoop, kneel, crouch, and crawl. (*Id.*) The ALJ noted that she should not work in extreme temperatures or around fumes, odors, dusts, gases, or poor ventilation. (*Id.*) In sum, the ALJ properly considered the entire record, and the Court finds no error in the ALJ's RFC function-by-function assessment.

McDaniel's sixth argument is based on a misreading of SSR 96-8p. McDaniel maintains that the ALJ "failed to consider the Claimant's ability to do work related

activities on a regular and continuing basis." (Tr. at 67.) Social Security Ruling 96-8p

does provide in part that an ALJ:

> [M]ust discuss the individual's ability to perform sustained work
> activities in an ordinary work setting on a regular and continuing basis
> (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule),
> and describe the maximum amount of each work-related activity the
> individual can perform based on the evidence available in the case
> record.

SSR 96-8p at 7. This requirement does not, however, call for a talismanic recitation

of particular words; rather, it requires that an RFC be made with an eye to

compatibility with a regular and continuing work schedule. *See id.* at 1 ("Ordinarily,

RFC is an assessment of an individual's ability to do sustained work-related physical

and mental activities in a work setting on a regular and continuing basis."). What

matters is that the ALJ make his or her determination in light of a regular work

schedule rather than, for example, part-time employment; not that a particular phrase

like "8 hours a day, 5 days a week" be used. *See* SSR 96-8p at 7 (approving also of

using "an equivalent work schedule"); *see also Kelley v. Apfel*, 185 F. 3d 1211, 1215 (11th

Cir. 1999). Here, the ALJ found that McDaniel had the RFC to perform medium

work. (Tr. at 11.) There is nothing hinting that the ALJ used an improper standard.

The single decision maker found that McDaniel could "climb ladders, ropes[,] or

scaffolds, and frequently climb ramps and stairs." (Tr. at 14.) The single decision

maker also found that McDaniel could "frequently balance, stoop, kneel, crouch and crawl." (*Id.*) The ALJ made credible findings in accordance with the objective medical evidence as to the durational requirements of a regular work day and McDaniel's ability to successfully adjust to other jobs in the regional and national economy. (Tr. at 12,16.) Even if McDaniel were limited to light and sedentary work, Rules 202.17 and 202.24, combined with the VE's testimony, "would result in a finding of 'not disabled.'" (Tr. at 17.) The sixth argument is therefore unavailing.

While the Court has endeavored to ascertain McDaniel's arguments from her attorney's arguments, the Court has also conducted an extensive review of the ALJ's opinion and the entire evidentiary record. Based upon that evaluation, this Court concludes that the ALJ's decision applies the proper legal standards and is supported by substantial evidence. The ALJ did not err when he concluded that McDaniel is not disabled.

IV.    Conclusion

Because the Court finds that the Commissioner's final decision applies the proper legal standards and is supported by substantial evidence, the decision of the

Commissioner of the Social Security Administration will be affirmed by separate

order.

Done this 1st day of August 2012.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
167458